09-1084-cv
Das v. Consolidated School District of New Britain

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.**

PRESENT:
    DEBRA ANN LIVINGSTON,
    GERARD E. LYNCH,
      *Circuit Judges*[*]

_____

Samhita Das

    *Plaintiff-Appellant*,

    v.                09-1084-cv

Consolidated School District of New Britain,
The City of New Britain, Mark Fernandes, and James Collin,

    *Defendants-Appellees*.

_____

_____

   [*] The Honorable Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1999).

FOR APPELLANT:             FRANCIS A. MINITER, Hartford, CT

FOR APPELLEES:             GENNARO BIZZARRO, Corporation Counsel, City of New
                            Britain, New Britain, CT.


**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Samhita Das ("Das") appeals from a February 17, 2009 order of the United States District Court for the District of Connecticut (Underhill, *J.*) granting the Defendants-Appellees' ("Appellees") motion for summary judgment and dismissing her claims in their entirety.

*I.     Background*

Das, a native of Calcutta, India, began working at Slade Middle School ("Middle School") in the Consolidated School District of New Britain ("District") in September 2002 as a mathematics teacher. In June 2004, a student in Das's classroom passed out playing what is described as the "choking game" or "fainting game" in which students choke each other until they lose consciousness. This student required medical attention as a result. After this incident, Das was transferred from her position at the Middle School to New Britain High School ("High School") to teach bilingual mathematics. Das was not assigned a permanent classroom at the High School and instead "floated," carrying her teaching materials between classrooms.

As of December 2004, Das had fallen behind in the high school mathematics curriculum, but had caught up by the end of the semester. In February 2005, Principal Mark Fernandez informed Das that her performance was unsatisfactory and that two parents had complained about her. On February 28, 2005, Das and Fernandez signed an "Annual Review Assessment Form" in which Das's performance as a teacher was reported as unsatisfactory in numerous categories. In February 2005,

Fernandez informed Das that her contract would not be renewed for the following year.

Das filed a complaint in the United States District Court for the District of Connecticut in May 2006, alleging discrimination and hostile work environment under the Equal Protection Clause of the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and various state law claims. The district court granted the Appellees' motion for summary judgment as to all the claims in Das's complaint. Das timely appealed the federal claims.

## II. Discussion

We review an order granting summary judgment de novo, asking whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment may be entered against a party who "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

Das alleges, with respect to a number of individual allegations and counts of her complaint, that the district court improperly granted summary judgment in favor of Appellees on issues that were not briefed. However, Das has not indicated that she was "surprised by the district court's action" or that the "surprise result[ed] in [her] failure to present evidence in support of [her] position." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000). Even if the district court, with regard to certain claims, decided to grant summary judgment on grounds different than those briefed by defendants, it was not, in this case, reversible error.

### A. Disparate Treatment

3

Das makes three principal disparate treatment claims under Title VII and § 1983.  First, she alleges that  she was treated differently than similarly-situated white teachers when, in response to the June 2004 fainting incident, she was transferred from the Middle School to the High School. Second, she alleges that while employed at the High School, she was subject to discriminatory treatment based on her ethnicity.  Third, she argues that her termination from the High School was because of her ethnicity.

The same analytical framework applies to Das's disparate treatment claims whether brought under § 1983 or Title VII.  *See Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006).  Das had the burden of establishing a *prima facie* case by demonstrating that "(1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." *Id.* at 151 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Provided this burden is satisfied, the burden then shifts to defendants before the district court to provide a legitimate, non-discriminatory reason for the adverse action.  *Id.*  If such a showing is made, the burden shifts back to the plaintiff to show that the defendants' proffered reason for the adverse action is pretextual. *Id.*

A plaintiff sustains an adverse employment action if she endures a "materially adverse change in the terms and conditions of employment."  *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (quoting *Richardson v. N.Y. State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999)).  To be "materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.*  Finally, to show that the adverse action occurred under conditions giving rise to an inference of discrimination, "[a]

4

plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself" who did not suffer the materially adverse action. *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted).

All of Das's disparate treatment claims fail. With regard to the transfer from the Middle School to the High School in response to the June 2004 incident, Das failed to demonstrate a *prima facie* case because the transfer was not an adverse employment action. Das's principal complaint with regard to the transfer is that she was not assigned a permanent classroom at the High School. However, such a disparity in working conditions does not constitute a "materially adverse change" in the terms and conditions of employment. *See Galabya*, 202 F.3d at 641. Das's allegation of disparate treatment while at the High School based on classroom assignment fails because to the extent she demonstrated a *prima facie* case, the Appellees provided a legitimate, non-discriminatory reason for the disparity in classroom assignment. Das argues that she was assigned to "float" even though she had worked in the District three years while white teachers with less seniority were assigned permanent classrooms. However, Mark Fernandez testified that teachers were assigned to rooms based on their seniority at the school, not within the District. Das pointed to no evidence to suggest that this was not the basis for classroom assignments, nor did she identify a teacher hired subsequent to her who was assigned a permanent classroom. She therefore failed to produce evidence to show that the Appellees' proffered non-discriminatory reason was pretextual. Finally, Das failed to demonstrate a *prima facie* case with regard to the non-renewal of her High School contract because she failed to provide evidence that any similarly situated teacher—that is, one who had fallen behind in her lessons and was the subject of student complaints—had a contract that was

renewed.

**B.    Hostile Work Environment**

In order to establish a hostile work environment claim under Title VII, Das had to produce evidence sufficient to show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Demoret*, 451 F.3d at 149 (internal quotation marks omitted). Generally, unless an incident of harassment is sufficiently severe, "incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted). Of course, "it is axiomatic that in order to establish a [race or ethnicity]-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her [race or ethnicity]." *Id.* (internal quotation marks omitted). When the harassment is attributable to someone other than a supervisor, the "employer will be held liable only for its own negligence," and a plaintiff must demonstrate that the employer "failed to provide a reasonable avenue for complaint" or that "it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2009).

This Court has not addressed whether student-on-teacher harassment can give rise to a hostile work environment claim. We need not answer that question here because we agree with the district court that Das's evidence is not sufficient to raise a contested issue of fact regarding any such claim. Viewing the evidence most favorably to Das, she did not proffer evidence giving rise to the inference that all, or even most, of the alleged harassment was because of her ethnicity. Her allegations of

episodic, isolated incidents of ethnically- or racially-motivated student-on-teacher harassment, spread over the three years of her employment with the District, are not sufficiently severe or pervasive in character to constitute a hostile work environment. Moreover, Das presented no evidence that the administration failed to discipline the students, instead stating in her affidavit that she is unaware of any action they took. She cannot raise an inference of discrimination through lack of personal knowledge, particularly after she had the opportunity—through discovery—to inquire into what actions the school did or did not take.

We have considered the remainder of Das's claims and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk